# United States Navy–Marine Corps Court of Criminal Appeals

Before
HOLIFIELD, STEWART, and HACKEL
Appellate Military Judges

———————————

**L.S.**
Aviation Machinist's Mate Second Class (E-5), U.S. Navy
*Petitioner*

**v.**

**UNITED STATES**
*Respondent*

**No. 202200114**

———————————

**Christian SALINAS**
Aviation Machinist's Mate Second Class (E-5), U.S. Navy
*Real Party in Interest*

———————————

Decided: 31 May 2022

Review of Petition Pursuant to Article 6b, UCMJ for Extraordinary
Relief in the Nature of a Writ of Mandamus

Military Judge:
Rachel E. Trest

Arraignment 12 January 2022 before a general court-martial convened
at Naval Air Station Jacksonville. Florida.

For Petitioner:
*Lieutenant Commander Adam J. Sitte, JAGC, USN*

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

The real party in interest [RPI], Aviation Machinist's Mate Second Class [AD2] (E-5) Christian Salinas, USN, is charged in the general court-martial, *United States v. AD2 Christian Salinas, USN*, with violating Articles 120 and 128, Uniform Code of Military Justice [UCMJ].[1] An Article 39(a) session is scheduled for 1 June 2022 to litigate RPI's Military Rule of Evidence [Mil. R. Evid.] 412 motion. The military judge has ordered Petitioner, AD2 L.S., the alleged victim in the court-martial, be produced telephonically for the Mil. R. Evid. 412 hearing.

On 25 May 2022, pursuant to Article 6b(e), UCMJ, Petitioner filed a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus to Quash Order to Produce Victim for Testimony at Mil. R. Evid. 412 Hearing and Application For a Stay of Proceedings. Petitioner seeks a Writ of Mandamus vacating the trial court's ruling that Petitioner's testimony is necessary and relevant to the Article 39(a) session scheduled for 1 June 2022, vacating the trial court's order for Petitioner's production and testimony at the Article 39(a) session, and denying the Accused's motion for a hearing under Mil. R. Evid. 412.

## I. DISCUSSION

"As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue."[2] First, there is no other adequate means to attain the relief desired; second, the right to issuance of the writ is clear and indisputable; and third, the issuing court, in its discretion, must be satisfied that the issuance of the writ is appropriate under the circumstances.[3]

---

[1] 10 U.S.C. §§ 920, 928.

[2] *Cheney v. United States Dist. Court,* 542 U.S. 367, 380 (2004) (internal citations and quotation omitted).

[3] *Id.* at 380–81 (internal citations omitted).

Petitioner contends that the military judge had no legal basis to order Petitioner to be produced and testify in support of Accused's Mil. R. Evid. 412 proffers. Petitioner further contends that the military judge's order that Petitioner be produced for the Mil. R. Evid. 412 hearing is equivalent to ordering Petitioner submit to a pre-trial deposition.

Applying the three-part test enumerated above, we find Petitioner has not demonstrated an entitlement to the extraordinary remedy requested. First, the military judge did not abuse her discretion by ordering Petitioner produced for the Mil. R. Evid. 412 hearing. Contrary to Petitioner's claims, the production of a witness for the specific purpose of pre-trial motions litigation is not equivalent to a deposition. We trust that both the military judge and Petitioner's counsel understand the law and the Military Rules of Evidence and will protect Petitioner from irrelevant questioning during the hearing. Second, Petitioner has not shown her claimed right to a writ is clear and undisputable. And, third, we are not convinced issuance of the requested writ is proper.

## II. CONCLUSION

Upon consideration of the Petition, the Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and Stay of Proceedings is **DENIED.**

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court